# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| S.D., | ) |
|                Plaintiff, | )  Case No. 2:20-cv-904 |
| v. | ) |
| Boy Scouts of America, Penn Mountains Council, Boy Scouts of America, and Paul Antosh, | ) |
|                Defendants. | ) |

**NOTICE OF (I) COMMENCEMENT OF ADVERSARY PROCEEDING AND FILING OF MOTION FOR A PRELIMINARY INJUNCTION BY THE BSA, (II) MEETING TO CONSIDER THE FORMATION OF AN OFFICIAL COMMITTEE OF CREDITORS AND (III) FILING OF MOTION BY THE BSA DEBTORS TO FIX VENUE FOR CLAIMS RELATED TO THE BANKRUPTCY UNDER 28 U.S.C. §§ 157(b)(5) AND 1334(b)**

**I.  Background**

1. On February 18, 2020 (the "Petition Date"), voluntary petitions for relief under Chapter 11 of Title 11 of the United States Code (the "Bankruptcy Code") were filed in the United States Bankruptcy Court for the District of Delaware by the Boy Scouts of America (the "BSA") and Delaware BSA, LLC (together with the BSA, the "BSA Debtors") (Case No. 20-10343) (LSS) (Jointly Administered).

**II.  Adversary Proceeding and Preliminary Injunction Motion**

2. The BSA Debtors hereby provide notice that, on the Petition Date, the BSA commenced an adversary proceeding (the "Adversary Proceeding") in the United States Bankruptcy Court for the District of Delaware by filing a Verified Complaint for Injunctive

Relief (the "Complaint") (Adv. Proc. Case No. 20-50527, Adv. Dkt. No. 1) pursuant to Federal Rules of Bankruptcy Procedure ("Bankr. R.") 7001(7) and 7065 and sections 105(a) and 362 of the Bankruptcy Code.  The Complaint seeks to extend the automatic stay imposed by section 362 of the Bankruptcy Code to certain non-debtor parties named as co-defendants with the BSA in certain actions (the "Pending Abuse Actions"), including Learning for Life, a non-stock organization affiliated with the BSA ("LFL"), local councils that are independently incorporated under the non-profit laws of their respective states (collectively, the "Local Councils") and community and religious organizations, businesses and groups of citizens that organize Scouting units (collectively, the "Chartered Organizations," and together with the LFL and the Local Councils, the "BSA Related Parties").

3. The BSA Debtors hereby further provide notice that, also on the Petition Date, the BSA filed a Motion for Preliminary Injunction Pursuant to 11 U.S.C. § § 105(a) and 362 (Adv. Proc. Case No. 20-50527, Adv. Dkt. No. 6, the "Preliminary Injunction Motion").  Among other things, the Preliminary Injunction Motion seeks entry of an order prohibiting and enjoining all plaintiffs in the Pending Abuse Actions from filing or continuing to prosecute any action or claims arising out of involvement or connection with the BSA against the BSA Related Parties reflected in the Exhibit B attached to the Complaint, until August 17, 2020 (180 days from the Petition Date), or as may be otherwise ordered or extended by order of the United States Bankruptcy Court for the District of Delaware.

4. On February 25, 2020, the BSA filed a Notice of Hearing for the Preliminary Injunction Motion (Adv. Proc. Dkt. No. 13, the "PI Notice of Hearing"), which provided notice that a hearing on the Preliminary Injunction Motion has been scheduled for March 24, 2020, at 10:00 a.m. ET in the United States Bankruptcy Court for the District of Delaware, 824 Market

Street, 6th Floor, Courtroom #2, Wilmington, Delaware 19801 (the "Preliminary Injunction Hearing").

5. In connection with the Adversary Proceeding, the BSA has filed: (a) the Complaint (filed under seal at Adv. Dkt. No. 1; redacted version filed as Adv. Dkt. No. 14-1), (b) the Preliminary Injunction Motion (Adv. Dkt. No. 6), (c) the Opening Brief in Support of the Preliminary Injunction Motion (Adv. Dkt. No. 7), (d) the Declaration of Brian Whittman in Support of the Preliminary Injunction Motion (Adv. Dkt. No. 8), (e) the Declaration of Adrian C. Azer in Support of the Preliminary Injunction Motion (Adv. Dkt. No. 9), (f) a redacted version of the Declaration of Bruce A. Griggs in Support of the Preliminary Injunction Motion (Adv. Dkt. No. 11), and (g) the PI Notice of Hearing (Adv. Dkt. No. 13), as well as any exhibits to each of the foregoing. A link to copies of the Adversary Complaint, the Preliminary Injunction Motion, and the other documents filed in connection with the Adversary Proceeding may be accessed free of charge at https://omniagentsolutions.com/bsaAdversary.

6. In accordance with the BSA's Motion for Entry of an Order Authorizing the Debtors to File Under Seal (I) Exhibit A to the Complaint and (II) the Griggs Declaration (Adv. Dkt. No. 2, the "AP Motion to Seal"), such documents have been filed with the Court under seal (Adv. Dkt. Nos. 4 and 10) and as proposed redacted versions (Adv. Dkt. Nos. 14-1 and 11-1). Subject to entry of an order approving the AP Motion to Seal, unredacted versions of Exhibit A to the Complaint (which contains a list of the Pending Abuse Actions) and the Griggs Declaration shall not be made available to anyone except for this Court, the United States Trustee, and others upon further Court Order; provided, that an unredacted version of the Complaint and Exhibit A thereto will be served upon each plaintiff's counsel in the Pending Abuse Actions.

### III. Committee Formation Meeting

7. The BSA Debtors hereby further provide notice that on March 4, 2020 at 10:00 a.m. Eastern Standard Time, at the Doubletree Hotel, 700 N. King Street, Wilmington, DE 19801, the United States Trustee for Region 3 will hold a meeting to form one or more official committee of creditors in these cases.

### IV. Nationwide Transfer Motion

8. The BSA Debtors hereby further provide notice that on March 3, 2020, the BSA filed a motion for an order under 28 U.S.C. §§ 157(b)(5) and 1334(b) fixing venue of the Pending Abuse Actions in the United States District Court for the District of Delaware (the "Nationwide Transfer Motion") (Case No. 1:20-mc-00078-UNA). In connection with the Nationwide Transfer Motion, the BSA Debtors have filed: (a) the Nationwide Transfer Motion (Dkt. No. 2), (b) the Opening Brief in Support of the Nationwide Transfer Motion (Dkt. No. 4), (c) the Declaration of Brian Whittman in Support of the Nationwide Transfer Motion (Dkt. No. 5), (d) the Declaration of Adrian C. Azer in Support of the Nationwide Transfer Motion (Dkt. No. 6), and (e) the Declaration of Bruce A. Griggs in Support of the Nationwide Transfer Motion (Dkt. No. 7), as well as any exhibits to each of the foregoing.

9. In accordance with the BSA's Motion for Entry of an Order Authorizing the Debtors to File Under Seal (I) Exhibit A to the Nationwide Transfer Motion and (II) the Griggs Declaration (Dkt. No. 1), the "Transfer Motion to Seal"), such documents have been filed with the Court under seal (Dkt. Nos. 3 and 7) and as proposed redacted versions (Dkt. Nos. 9 and 10). Subject to entry of an order approving the Transfer Motion to Seal, unredacted versions of Exhibit A to the Nationwide Transfer Motion (which contains a list of the Pending Abuse Actions) and the Griggs Declaration shall not be made available to anyone except for this Court,

the United States Trustee, and others upon further Court Order; provided, that an unredacted version of the Nationwide Transfer Motion and Exhibit A thereto will be served upon each plaintiff's counsel in the Pending Abuse Actions.

10. A hearing on the Nationwide Transfer Motion has not been scheduled, and the BSA Debtors intend to request any briefing schedule on the Nationwide Transfer Motion be delayed until the Preliminary Injunction Motion is heard.

V. **Bankr. R. 9027(e)(3) Statement; Remand of Removed States Court Actions**

11. On or about the Petition Date, pursuant to 28 U.S.C. §§ 1334 and 1452 and Bankr. R. 9027, the BSA Debtors removed the above-captioned civil action to this Court. For purposes of Bankr. R. 9027(e)(3), to the extent applicable, the BSA Debtors do not consent to the entry of final orders or judgment by this Court.

12. The BSA Debtors hereby provide further notice that they will not assert they suffered any prejudice based on any party's failure to seek remand, abstention, or otherwise respond to the BSA Debtors' notice of removal during the period from the Petition Date through and including 45 days after the Preliminary Injunction Hearing.

Respectfully submitted this 3rd day of March, 2020.

        **SAUL EWING ARNSTEIN & LEHR LLP**

By:    */s/ Joseph F. O'Dea, Jr.*
        Joseph F. O'Dea, Jr. (I.D. No. 48370)
        Joshua W. B. Richards (I.D. No. 204315)
        Centre Square West
        1500 Market St., 38th Floor
        Philadelphia, PA  19102
        215-972-7777
        Joseph.Odea@saul.com
        Joshua.Richards@saul.com

        *Attorneys for Defendants Boy Scouts of America and Penn Mountains Council, Boy Scouts of America*

# **CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing *Notice of (I) Commencement of Adversary Proceeding and Filing of Motion for a Preliminary Injunction by the BSA, (II) Meeting to Consider the Formation of an Official Committee of Creditors and (III) Filing of Motion by the BSA Debtors to Fix Venue for Claims Related to the Bankruptcy Under 28 U.S.C. §§ 157(b)(5) and 1334(b)* was served today upon the following counsel via the court's electronic filing system and/or U.S. mail:

| | |
|---|---|
| Stewart J. Eisenberg, Esquire<br>Joshua B. Schwartz, Esquire<br>Eisenberg, Rothweiler, Winkler,<br>Eisenberg & Jeck, P.C.<br>1634 Spruce Street<br>Philadelphia, PA  19103<br>215-546-6636<br><br>*Counsel for Plaintiffs* | Joseph G. Price, Esquire<br>Corbett Price, LLC<br>612 Spruce Street<br>Scranton, PA 18503<br><br>*Counsel for Defendant Paul Antosh* |

Date:  March 3, 2020

By:     /s/ *Joseph F. O'Dea, Jr.*  
                Joseph F. O'Dea, Jr